ALICE DRAYTON *against* JACOB REID AND SETH O. CROSBY.

A person engaged as a theatrical performer may be lawfully discharged for being guilty of indecent and immoral conduct, so gross as to cause the other members of the company to refuse to associate with her, and so open as to become matter of public scandal, even although she fully performs all her theatrical duties.

Several witnesses having testified to particular acts of indecent conduct on the part of the plaintiff, and the plaintiff having only denied that she had ever done any act inconsistent with the faithful performance of her contract: *Held*, that this was not a denial of the particular acts charged.

APPEAL from a judgment of this court entered on the report of a referee to hear and determine.

The action was brought by the plaintiff to recover from the defendants the sum of $780 for an alleged violation of agreement between the plaintiff and the defendants, dated February 14th, 1872, in which agreement the plaintiff engaged as a " song " and " dance " performer with the defendants, for a season of about thirty weeks, commencing on or about April 1st, 1872, and ending on or about November 1st, 1872, to perform with Forepaugh's Menagerie, in any part of the United States or Canada, at a salary of thirty dollars per week.

The defense was that the defendants had been obliged to discharge her on account of her improper conduct (the facts in regard to which are stated in the opinion).

The referee found that the plaintiff had performed her part of the contract, and had been discharged without cause, and ordered judgment in her favor.

Defendants appealed.

*Chas. W. Brooke*, for appellant.

*Benjamin F. Russell*, for respondent.

DALY, Chief Justice.—Where a cause is tried by a referee, we may at general term, review his findings upon questions of facts, and it is impossible to peruse the evidence in this case and uphold his finding.   There was little but a general denial by the plaintiff of a number of facts elicited by the testimony of six witnesses, showing lewd and indecent acts on the part of the plaintiff; that she quarrelled with the other members of the troupe; that she was addicted to cursing and swearing, and, in short, that her conduct was so demoralizing, that several of the other female performers left the hotel on her account, and refused to go on the stage if she did; that they declared that if she was allowed to remain, they would not; that the land-lord of a hotel where the troupe stopped, complained to the proprietor of the circus, of her immoral conduct with one of the troupe; that she had illicit intercourse with a married man, one of the performers, at La Grange, Indiana, and at Steuben-ville, Ohio, which was publicly talked about by the hotel keeper and by members of the troupe; that the employees complained of having to associate with such a character; that the proprietor of the circus, in consequence of her conduct, its effects upon the troupe and upon his own reputation with the public, complained to the defendants who had engaged her for the side show, telling them that he would not have such a person about his establishment, nor allow her to enter the ring any more, and he insisted upon her dismissal; with which re-quest the defendants complied.  She was discharged, and after-wards taken back by the defendants at the intercession of two persons, under the assurance that she would do better, but had again to be discharged for quarrelling in the dressing room.

All this the referee appears to have ignored, finding gen-erally as a fact that she had fully performed all the conditions of her agreement in every particular, and, as conclusions of law, that she in no wise violated her agreement, and that the defendants had no legal cause to discharge her.   If he did this upon the ground that it was immaterial how indecent, im-moral and outrageous her conduct may have been, as long as she was ready and willing to perform in the ring, it cannot be sustained.   In the management of such an establishment, there

must be some government; and where all mix together in the intercourse incident to their calling, there must be the restraint at least which common decency imposes. The plaintiff acted under no such restraint, but in the presence of members of the troupe committed acts too gross and disgusting to be de-scribed. It would be intolerable if the defendants were required to keep such a person in their troupe in consequence of their contract. By the contract she expressly engaged " to conform to the rules and regulations of the company," and it was a reasonable regulation to require that she should be orderly and decent whilst mingling professionally with the members of the troupe. She would not, even when taken back again, conduct herself properly, and the defendants had the right to discharge her.

If, on the other hand, the referee decided to believe her and discredit all the other witnesses, then the objection to his find-ing is that her denial did not reach all the particular facts sworn to by these witnesses. Some of them she denied specif-ically, but beyond that her denial was: " I never did any act, in public or private, inconsistent with the faithful performance of the contract," which on her part may have been matter of opinion. The report should be set aside, and the judgment reversed.

J. F. DALY, J., concurred.

Judgment reversed.